**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**LYNWOOD WRIGHT, et al**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFFS**

**VERSUS**　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 2:08CV3-P-A**

**LIFE INVESTORS INSURANCE
COMPANY OF AMERICA, et al**　　　　　　　　　　　　　　　　　　　**DEFENDANTS**

**ORDER**

This cause is before the Court on Life Investors Insurance Company of America's Motion to Sever and Transfer Misjoined Plaintiffs [10]. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

Life Investors urges the Court to sever the claims of the four named plaintiffs into separate cases and to transfer three of the four plaintiffs' cases to different venues. The basis for Life Investors' motion is a purported violation of F.R.C.P. 20, the rule governing permissive joinder. Rule 20 provides:

(a) Persons Who May Join or Be Joined

　(1) Plaintiffs. Persons may join in one action as plaintiffs if:

　　(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences and

　　(B) any question of law or fact common to all plaintiffs will arise in the action.

F.R.C.P. 20(a). Despite defendant's assertion that the joinder of plaintiffs' claims satisfies neither of the requirements of Rule 20(a), the Court finds to the contrary. The Complaint clearly alleges

a common course of corporate conduct against defendant Life Investors' based on the insurer's unilateral decision to alter its policy interpretation and claims payment practices pertaining to certain benefits under supplemental cancer policies. Each plaintiff learned of the proposed change from the January 24, 2006 form letter mailed to policyholders; each plaintiff submitted claims for benefits on or after the "change" date of April 1, 2006; the defendant insurer allegedly paid each plaintiff less than the "actual charges" for certain cancer-related treatments based on the altered policy interpretation.

Given the foregoing, it is clear that plaintiffs' claims arise out of a common series of transactions as provided for by Rule 20(a)(1) inasmuch as their claims are logically related to one another and would require overlapping proof and duplication in testimony in order to develop proof of the alleged benefits scheme imposed by the defendant. As a further matter, each of plaintiffs' claims must succeed or fail based on the interpretation and application of the exact same policy provision. Hence, the plaintiffs' claims require the resolution of a common question of law or fact.

Defendant also urges the joinder of plaintiffs' claims would violate principles of fundamental fairness and due process. The Court has considered the arguments advanced by Life Investors and finds them without merit. The claims pressed by plaintiffs are not of the same character and complexity as those warranting severance in the case law cited by defendants; accordingly, there is no danger of jury confusion or the improper aggregation of evidence inuring to the prejudice of the defendant. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that Life Investors Insurance Company of America's Motion to Sever and Transfer Misjoined Plaintiffs [10] is not well-taken and should be, and hereby is, DENIED.

SO ORDERED, this the 15th day of September, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE