# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### DELTA DIVISION

**LYNWOOD WRIGHT, et al**                                                    **PLAINTIFFS**

**VERSUS**                                                    **CIVIL ACTION NO. 2:08CV3-P-A**

**LIFE INVESTORS INSURANCE COMPANY**
**OF AMERICA, et al**                                                    **DEFENDANTS**

## ORDER

This cause is before the Court on defendant Life Investors Insurance Company of America's Motion to Dismiss Pursuant to rules 9(b) and 12(b)(6) [15]. The Court, having reviewed the motion and being otherwise fully advised in the premises, finds as follows, to-wit:

Defendant seeks dismissal of Counts IV through X of the Complaint. The theories of recovery alleged therein are: tortious breach of contract, fraud, fraudulent concealment, civil conspiracy, aiding and abetting fraud, equitable estoppel and unjust enrichment.

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the Complaint must be accepted as true when the Court considers whether the plaintiffs have stated a cause of action. See Cramer v. Skinner, 931 F.2d 1020 (5th Cir. 1991); cert. denied, 112 S. Ct. 298, 116 L.Ed.2d 242, 60 U.S.L.W. 3057 (1991). If the factual allegations are not "enough to raise a right to relief above the speculative level," the Court may grant the motion to dismiss. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). The Complaint "must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action." Id.

The Court, having evaluated the instant motion under this standard, concludes that

defendant's motion is not well-taken and should be denied as to Counts IV through IX.[1]  However,

Count X of the Complaint purports to state a claim for unjust enrichment.  Inasmuch as a claim for

unjust enrichment arises only in the absence of an agreement between the parties, a point belied by

the contracts sued upon, the defendant's motion to dismiss for failure to state a claim is well-taken

and should be granted.  Johnston v. Palmer, 963 So.2d 586, 596 (Miss. Ct. App. 2007).

IT IS, THEREFORE, ORDERED AND ADJUDGED that the defendant Life Investors

Insurance Company of America's Motion to Dismiss Pursuant to rules 9(b) and 12(b)(6) [15] should

be, and hereby is, GRANTED IN PART AND DENIED IN PART.  IT IS FURTHER ORDERED

that Count X of the Complaint should be, and hereby is, DISMISSED WITH PREJUDICE.

SO ORDERED, this the 26th day of September 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[1]  The Court likewise concludes that the plaintiffs' Complaint does not violate F.R.C.P.
9(b)'s requirement that allegations of fraud be pleaded with particularity.  Hart v. Bayer
Corporation, 199 F.3d 239, 248 n. 6 (5th Cir. 2000).  The Complaint alleges enough particulars to
apprise the defendant of the "who, what, when, where and how" of the alleged fraud.  Given that
the degree of particularity required necessarily varies with the facts of each case, the Fifth
Circuit has never detailed the requirements of Rule 9(b) with specificity.  The factual averments
of the plaintiffs' Complaint are sufficient under the circumstances; any remaining details are
easily ascertained through the mechanism of discovery.