IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LYNWOOD WRIGHT, *et al*                                             PLAINTIFFS


V.                                                                  CIVIL ACTION NO.
                                                                    2:08-CV-03-P-A


LIFE INVESTORS INSURANCE
COMPANY OF AMERICA                                                  DEFENDANT

**ORDER**

The defendant, Life Investors Insurance Company of America, requests this court to quash the deposition of Mark Edwards, in-house counsel for the defendant, and for a Protective Order. Docket # 88. The deposition is scheduled for December 1, 2009. Docket # 86.

The plaintiffs contend that the approaching discovery deadline of February 11, 2010 compels the deposition of Edwards and refer the court to an order in a comparable case in the Western District of Pennsylvania that allowed of the plaintiffs in that case to depose Edwards because he was not litigation counsel, he has been used as a fact witness by the defendant and Edwards served in both business and attorney roles for the defendant. *Smith v. Life Investors Insurance Company of America*, 2009 WL 3364933, *5 (W.D.Pa. 2009). In addition, the plaintiffs contend that the Edwards deposition is necessary to determine the applicability of the crime-fraud exception to the attorney-client privilege. Docket # 94, p. 12.

The plaintiffs have alleged in this case that the defendant adopted a fraudulent corporate scheme to enhance profits and reduce benefits paid to policyholders by redefining the term "actual charges" as used in the defendant's insurance policies. Docket # 94, p.2. Edwards has stated by way of a sworn declaration that he served on a task force to analyze supplemental

1

insurance policies issued and administered by the defendant. Docket 96, Ex. A. The task force was convened in April 2004 to examine the cause of premium rate increases on the policies and to consider possible solutions to avoid or mitigate the effect of future rate increases. *Id*. ¶ 3. According to Edwards, his role with the task force was to provide legal analysis, legal strategy and litigation-related advice. *Id*. ¶ 4.

The defendant argues that Edwards cannot be compelled to testify regarding any "information regarding the client he received in his professional capacity and in the course of representation of the client"[1] and that deposing Edwards may result in the inadvertent disclosure of privileged information. Docket # 89, p. 4. Finally, the defendant argues that the plaintiffs must exhaust other sources to obtain evidence regarding the task force and can show no compelling reason why the Edwards deposition is necessary to obtain the non-privileged information. Docket #88, p. 2.

Under Rule 501 of the Federal Rules of Evidence, state law determines the applicability of a privilege in civil diversity actions where state law supplies the rule of the decision, *Dunn v. State Farm,* 927 F.2d 869, 875 (5th Cir.1991); Mississippi privilege law thus governs in this diversity action. Rule 502(b) of the Mississippi Rules of Evidence defines the attorney-client privilege as the client's right to refuse to disclose and prevent others from "disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client."

---

[1] Interestingly, the defendants do not raise the issue that the documents reviewed or created by Edwards for or on behalf of the task force are protected by the related work product doctrine.

A party may depose opposing counsel upon a showing of substantial need. The Fifth Circuit has urged, but not expressly followed, the standard for allowing attorney depositions expressed in *Shelton v. American Motors Corp.*, 805 F.2d 132 (8th Cir. 1986). *See Nguyen v. Excel Corp.*, 197 F.3d 200 (5th Cir. 1999). In *Shelton*, the plaintiffs sought to depose the defendant's in-house counsel who, as an attorney in the litigation division, was assigned to the matter and collected documents to assist in the defense. *Shelton*, 805 F.2d at 1325-26. The *Shelton* court recognized that although there is no express prohibition on deposing opposing counsel, the practice is discouraged because it "disrupts the adversarial process and lowers the standards of the profession ...[and] also adds to the already burdensome time and costs of litigation." 805 F.2d at 1327. Thus, an order allowing the deposition of opposing counsel should only be allowed upon a showing that (1) no other means to obtain the information exist; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the case. *Shelton*, 805 F.2d at 1327.

The corporate client has the right to refuse to disclose "confidential communications between its representative and its attorneys when the communications were made to obtain legal services." *Nguyen*, 197 F.3d at 206. Because counsel in the context of the corporate setting often play a role in the day-to-day operations of the corporation, the attorney-client privilege is increasingly difficult to define. *Brookshire Bros. Holding, Inc.*, *v. Total Containment*, 2006 WL 845731, *2 (W.D. La., 2006). As noted in the comment to Miss.R.Evid. 502, the attorney-client privilege applies only to legal services and does not apply to business or personal services. *See also Haynes v. Anderson*, 597 So.2d 615, 621 (Miss. 1992). The privilege cannot extend to those disclosures which were made for business purposes, whether or not anyone had an interest in

legal advice. *McCaugherty v. Sifferman*, 132 F.R.D. 234, 238 (N.D. Cal. 1990) (citing *Fisher v. U.S.,* 425 U.S. 391, 403 (1976)). Moreover, the attorney-client privilege does not attach to communication compelled by statue or regulation because the privilege only protects "disclosures – necessary to obtain legal advice – that might not been made otherwise." *McCaugherty,* 132 F.R.D. at 238 (quoting *Fisher v. U.S.,* 425 U.S. at 403).

In this case, the plaintiffs seek information regarding the implementation of the change in claims procedure, including the role of the task force and the training of employees. According to Edwards's sworn statement, the purpose of the task force was to "examine the cause of premium rate increases on the policies." Docket # 96-2, ¶ 3. Edwards makes the blanket assertion that his involvement with the task force was "to provide legal analysis, legal strategy and litigation-related advice" and that he realized changes in the claims procedure *could* result in litigation for which he sought possible outside legal advice. (emphasis added). Docket # 96-2, ¶ 4. The court, however, does not find the blanket assertion of the privilege to be compelling enough too quash his deposition.

The primary purpose of the task force was a business function – to examine the cause of premium rate increases; thus, the overall proceedings of the task force are not necessarily privileged. The *Shelton* factors are not controlling in this instance because Edwards was apparently serving both business and legal functions while serving on the task force. Moreover, the court finds that Edwards does not fit the definition of opposing counsel as discussed in *Shelton*. *Anserphone of New Orleans, Inc. V. Protocol Communications, Inc.*, 2002 WL 31016572, *2, (2002 E.D. La.). Certain communications to Edwards made during the operation of the task force may indeed be protected by the attorney-client privilege, but the court cannot

4

make a determination regarding privilege without more specific facts; counsel must determine whether assertion of the attorney-client privilege is proper on a question-by-question basis. Consequently, the court declines to quash the deposition of Mark Edwards. The defendant remains entitled to invoke the attorney-client privilege and the work product doctrine *in good faith* in accordance with Unif. Local R. 26.1(A)(1)(c) when responding to the deposition questions. Accordingly, it is

**ORDERED**:

That the defendant's motion to quash the deposition of Mark Edwards is **DENIED**

This the 24th day of November, 2009.

/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE