IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LYNWOOD WRIGHT, *et al*                                            PLAINTIFFS

V.                                                                        CIVIL ACTION NO.
                                                                               2:08-CV-03-P-A

LIFE INVESTORS INSURANCE
COMPANY OF AMERICA                                        DEFENDANT

## ORDER

The plaintiffs seek an order compelling the defendant to produce documents that the defendant identified as protected under the attorney-client privilege and the work product doctrine. Docket # 122. The plaintiffs allege that the crime-fraud exception to these protections is applicable in this instance and that the court should compel the defendant to produce the requested documents or at least review the documents *in camera* to determine the applicability of the crime-fraud exception. Docket # 122, p. 25.

The plaintiffs also ask the court to compel certain deposition testimony of the defendant's 30(b)(6) representative that is related to the subject matter of the documents sought in the motion compel. Docket # 142. The defendant filed a response to the plaintiffs' motion and its own cross- motion to quash or limit the 30 (b)(6) deposition notices filed on January 4, 2010 and January 21, 2010. Docket ## 159 and 164.

## LEGAL STANDARDS

With respect to the law of attorney-client privilege and the work product doctrine, the

court applies the law of Mississippi.[1]  Rule 502(b) of the Mississippi Rules of Evidence defines the attorney-client privilege as the client's right to refuse to disclose and prevent others from "disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client."  The attorney-client privilege protects only those communications, made in confidence, between an attorney and his client that are relevant to legal advice.  *See, e.g.*, *Dunn v. State Farm Fire & Casualty Company,* 122 F.R.D. 507, 509 (N.D.Miss.1988).  In the corporate setting, the attorney-client privilege protects confidential communications between certain employees of the corporation and its attorneys when made to obtain legal services.  *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999).  The privilege, however, only protects disclosure of the communication; "it does not protect disclosure of the underlying facts by those who communicated with the attorney . . . ."  *Dunn*, 122 F.R.D. at 508 (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981)).  Likewise, the privilege "is construed no more broadly than is necessary to effectuate its purpose."  *Dunn* at 509 (quoting *In re LTV Securities Litigation*, 89 F.R.D. 595, 600 (N.D. Texas 1981)).

The work product doctrine protects an attorney's thoughts, mental impressions, documents and other tangible and intangible items prepared in anticipation of litigation.  *Hickman v. Taylor*, 329 U.S. 495, 510-11, 67 S.Ct. 385, 393 (1947).  *See* Fed.R.Civ.P. 26(b)(3).  The doctrine shields documents prepared by or for an attorney in anticipation of litigation.  *Dunn v. State Farm Fire & Cas. Co.*, 927 F. 25 869, 875 (5th Cir. 1991); *See* Fed.R.Civ.P.

---

[1] Under Rule 501 of the Federal Rules of Evidence, state law determines the applicability of a privilege in civil diversity actions where state law supplies the rule of the decision.  *Dunn v. State Farm,* 927 F.2d 869, 875 (5th Cir.1991).  Mississippi privilege law thus governs in this diversity action.

26(b)(3). In the Fifth Circuit, the doctrine can apply where litigation is not imminent, as long as the primary motivating purpose behind the creation of the documents is to aid in possible future litigation. *In re Kaiser Aluminum and Chemical Co.*, 214 F. 3d 586, 593 (5th Cir. 2000). Like the attorney-client privilege, the doctrine does not extend to the relevant, underlying facts. *See Dunn v. State Farm Fire & Cas. Co.,* 122 F.R.D. 507, 510 (N.D.Miss 1988); *Upjohn*, 449 U.S. at 395-96.

A party withholding information which it claims is protected is required to submit a privilege log that contains at least the following information: the name of the document; description of the document; date; author(s); recipient(s); and nature of the privilege. L.U.Civ.R. 26(a)(1)(C). The defendant, in compliance with the Local Rules, submitted a privilege log identifying those documents it claims are privileged, including the author, the recipient and a description of the content.

Neither the attorney-client privilege nor the work product doctrine is absolute, and both are subject to exceptions. The ongoing crime-fraud exception to the attorney-client privilege excludes from the privilege communications between the client and the attorney that relate to the furtherance of contemplated or ongoing criminal or fraudulent conduct. *United States v. Dyer*, 722 F.2d 174, 177(5th Cir. 1983)(internal citations omitted). This exception applies with equal force to the work product doctrine. *In re International Systems & Controls Corp. Securities Litigation*, 693 F.2d 1235, 1242 (5th Cir. 1982).

The party seeking to invoke the crime-fraud exception bears the burden of demonstrating: "(1) a prima facie showing that a crime or fraud has been committed, and (2) that the privileged information bears a relationship to the alleged crime or fraud." *Bailey Metals, LLC v. Superior*

*Boat Works*, 2009 WL 2710270, *2 (N.D. Miss. 2009). Allegations alone are not sufficient to support the burden necessary to abrogate the privilege. *Ward v. Succession of Freeman*, 854 F.2d 780, 790 (5th Cir. 1988) (citing *Shirvani v. Capital Investing Corp.*, 112 F.R.D. 389, 391 (D.Conn. 1986)).

Fraud may encompass the theories of fraudulent misrepresentation or fraudulent concealment. 37 Am.Jur.2d *Fraud and Deceit* §206 (2001). The elements of intentional or fraudulent misrepresentation include:

> "(1) a representation;
> (2) its falsity;
> (3) its materiality;
> (4) the speaker's knowledge of its falsity or ignorance of its truth;
> (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated;
> (6) the hearer's ignorance of its falsity;
> (7) his reliance on its truth;
> (8) his right to rely thereon; and
> (9) his consequent and proximate injury."

*Schmidt v. Catholic Diocese of Biloxi*, 18 So.3d. 814, 831 (Miss. 2009) (internal citations omitted).

Under the law of fraudulent concealment there is a distinction between silence and a concealment. "Silence may constitute fraud when a duty exists to disclose the information claimed to have been suppressed." *Poe v. Summers*, 11 So.2d 129, 134 (Miss. App. 2009) (citing 37 Am.Jur.2d *Fraud and Deceit* §204 (2001)). If, however, there is no fiduciary relationship, an overt "act of concealment is necessary to establish concealed fraud." *Van Zandt v. Van Zandt*, 86 So.2d 466, 538-39 (Miss. 1956). A party to a business transaction has a duty to disclose basic facts relevant to the transaction if the concealing party knows that the other party is about to enter into the transaction and could reasonably expect disclosure of those facts. *Poe v. Summers*,

11 So.2d at 134.

## A. Motion to Compel Privileged Documents

In order to apply the exception the court must first be convinced that the plaintiffs carried their burden and demonstrated a *prima facie* showing that a crime or fraud has been committed by the defendant. The plaintiffs cite to no Mississippi or federal law that the defendant is alleged to have violated. Consequently, the court looks to the evidence presented to determine whether the plaintiffs have made a *prima facie* case of fraud. The plaintiffs state that the information they seek "goes to the Defendant's pre-fraud <u>knowledge</u>, its <u>intent</u> and its pre-fraud (2004/2005) <u>actions</u> in development of the scheme." (Emphasis in the original). Docket # 157, p.1. The court cannot rely on mere allegations to apply the ongoing crime-fraud exception. Plaintiff must supply evidence of the elements of fraud, and, so far as the court can see, none has been presented here  The plaintiffs' testimony does not reveal any misrepresentation or concealment, which is a necessary element of a fraud claim; rather, it demonstrates that the defendant was forthright in the changes to its claims process and did not misrepresent Mississippi law. *See* Docket # 137, pp. 22, 23 and 24.

Moreover, there is insufficient evidence of fraud to cause the court to review the documents *in camera*. The court requires an evidentiary showing "'adequate to support a good faith belief by a reasonable person'" that the *in camera* inspection would establish the applicability of the crime-fraud exception. *U.S. v. Zolin*, 491 U.S. 554, 572 (1989) (quoting *Caldwell v. District Court*, 644 P.2d 26, 33 (Colo. 1982). Rhetorical allegations aside, the plaintiffs have failed to present facts that persuade the court to perform an *in camera* inspection of those privileged documents. Accordingly, the plaintiffs' motion to compel is denied.

5

### B. Motion to Compel 30(b)(6) Testimony

On January 4, 2010, the plaintiffs noticed the deposition of the defendant, identifying thirty-three areas of inquiry for the deposition. Docket # 114. The parties agreed to the defendant's identification of various employees to testify regarding several specific areas of inquiry. Docket # 159-3, p.2. The plaintiffs, however, do not agree to the designation of the testimony of Mark Edwards, the defendant's assistant general counsel, to testify in response to certain areas of inquiry. *Id.*

The defendant seeks to limit the scope of inquiry of the 30(b)(6) depositions in the following areas based on its objections discussed below.

**6. All facts regarding the 2004 "Litigation Risk Analysis" identified and discussed at pages 97 through 109, and page 109, and page 128 of the Deposition of Mark H. Edwards.**

The defendant contends that this area of inquiry is foreclosed by the attorney-client privilege and the work product doctrine and is unduly burdensome because Edwards has previously testified about the area of inquiry. Docket #159, pp.4 and 8.

Defendant is entitled to designate Edwards's prior deposition testimony as responsive to the plaintiffs' area of inquiry. *See E.E.O.C. v. Boeing Co.*, 2007 WL 1146446, *2 (D.Ariz 2007). Edwards is the corporate defendant's assistant general counsel and thus would likely be a corporate representative with knowledge of this area of inquiry. The claim of privilege, however, does not necessarily extend to the *facts* regarding the 2004 "Litigation Risk Analysis." The privilege is a limited privilege in that it "only protects the manner, extent, and the occasion of the factual disclosure." *Dunn*, 122 F.R.D. at 508. Consequently, the underlying facts are discoverable, and to the extent that Edwards's prior testimony does not address the facts, the

defendants must designate a 30(b)(6) witness to address the area of inquiry. In addition, if the plaintiff requires additional information that it did not obtain from Edwards because it was unaware that defendant would ultimately agree to be bound by his testimony, the defendant must make available a person with knowledge of the area of inquiry under Rule 30(b)(6).

**8. The Defendant's responses to the pre-suit complaints by and on behalf of Mrs. Ritter, Mrs. Magee and Mrs. Carter, including all responses, either verbal or in writing, on behalf of the Defendant to th policy holders or their representatives and all responses by or on behalf of the Defendants to the Mississippi Insurance Department regarding complaints by or on behalf of said policyholders or their estates.**

The defendant objects to this area of inquiry on the basis that it is unduly burdensome because Edwards previously testified to the area of inquiry. Docket #159, p. 4.

As discussed above, the defendant may designate Edwards' deposition testimony as responsive to the area of inquiry and in doing so is bound by the testimony as that of the corporation. Again, if the plaintiff requires additional information that it did not obtain from Edwards because it was unaware that defendant would ultimately agree to be bound by his testimony, the defendant must make available a person with knowledge of the area of inquiry under Rule 30(b)(6).

**9. The decision by Life Investors to not inform the Mississippi Insurance Department and Mississippi policy holders who complained after September 6, 2006, (as did Plaintiff Antrease Autumn on behalf of her mother) of the holding in *Conner v American Public Life Ins. Co.*, 448 F.Supp. 2d 762 (N.D. Miss. 2006), including all reasons for the conscious decision by Life Investors not to do so, and for the Defendant's determination, as discussed at pages 138 through 140 of the Edwards deposition, that "the *Conner* case was not relevant."**

The defendant contends that this area of inquiry is foreclosed by the attorney-client privilege and the work product doctrine and is unduly burdensome because Edwards has previously testified about the area of inquiry. Docket #159, pp.4, 8.

As discussed above, the defendant may designate Edwards' deposition testimony as responsive to the area of inquiry and in doing so is bound by the testimony as that of the corporation. If the plaintiff requires additional information that it did not obtain from Edwards because it was unaware that defendant would ultimately agree to be bound by his testimony, the defendant must make available a person with knowledge of the area of inquiry under Rule 30(b)(6).

**10. The number and identity (sic) of Mississippi policyholders from whom, or on whose behalf, the Defendant and its affiliated companies received complaints <u>after</u> the September 6, 2006, *Conner* case, about "actual charges" claims handling change, and all information regarding the responses by Life Investors and its affiliates to such complaints.**

The defendant objects to this area of inquiry on the basis that it is unduly burdensome arguing Edwards previously testified to the area of inquiry and that the subject matter is irrelevant and not reasonably calculated to lead to admissible evidence . Docket #159, pp.4, 12.

The court finds that the area of inquiry is relevant and may lead to admissible information. The defendant' motion to quash this area of inquiry is denied.

**12. Complete information concerning the handling, negotiation and settlement of the claim of Mississippi policyholder, James L. Browning, who is a relative of the State Senator, which claim Life Investors settled, as discussed at pages 158 through 160 of the Edwards Deposition, under a Confidentiality Agreement, including all reasons for the settlement by Life Investors of that claim and for the requirement of a Confidentiality Agreements regarding said settlement.**

The defendant objects to this area of inquiry on the basis that it is unduly burdensome, Edwards previously testified regarding the area of inquiry and it is subject to a confidentiality agreement. Docket #159, pp. 4 and 13.

The court will not, absent a compelling showing by the plaintiff, order the disclosure of information subject to a binding confidentiality agreement. *Bottaro v. Hatton Associates*, 96

8

F.R.D. 158, 160 (D.C.N.Y. 1982). Specifically, plaintiff must make a particularized showing that disclosing the terms of the settlement will likely lead to admissible evidence. *Bottaro v. Hatton Associates*, 96 F.R.D. at 160. Plaintiffs argue only that information regarding settlement with other insureds "relate[s] directly to the claims of fraudulent concealment in this action alleged in the Complaint." Docket #142, p.6. Their mere suspicion that obtaining such information will assist their claims is not enough. Because the plaintiffs have not met their burden of demonstrating that information about the circumstances surrounding these settlements would lead to admissible evidence, the defendant's motion to quash this area of inquiry is granted.

**13. All other post-April 2006 claims alleging under-payments of benefits under the Supplemental Cancer Policies of Defendant and its affiliated companies, which Defendant have settled, or for which they have made other extraordinary provisions not provided the Mississippi cancer-victims represented herein, which were made under "Confidentiality Agreements"- said claims being alleged in paragraph 95 of the Complaint to be part of Defendant's fraudulent concealment.**

For the reasons discussed concerning inquiry #12, the court grants the defendant's motion to quash this area of inquiry into claims that were resolved with agreements subject to confidentiality agreements.

**14. All facts considered in its decision to terminate the relationship between Life Investors and Charles Duphin and the Baxley Dillard law firm shortly after the receipt of the July 2004 materials from that firm discussed at pages 85 through 88 of the Edwards deposition, and all reason(s) for the company's decision to terminate said relationship.**

The defendant contends that this area of inquiry is foreclosed by the attorney-client privilege and the work product doctrine and is unduly burdensome because Edwards has previously testified about the area of inquiry. Docket #159, pp.4, 8.

Again, the defendant may designate Edwards' deposition testimony as responsive to this inquiry. To the extent that the deposition testimony does not address the reasons causing the

9

termination of the Baxley Dillard law firm, the plaintiffs may inquire into this area.  If the plaintiff requires additional information that it did not obtain from Edwards because it was unaware that defendant would ultimately agree to be bound by his testimony, the defendant must make available a person with knowledge of the area of inquiry under Rule 30(b)(6).  The defendant remains entitled to invoke the attorney-client privilege as the court declines to apply the crime-fraud exception to the privilege.

**15.  The PowerPoint presentation prepared by Rob Faulk and/or Bruce Shirk transmitted to the Defendant on or about September 3, 2004.**

The defendant contends that this area of inquiry is foreclosed by the attorney-client privilege and the work product doctrine and is unduly burdensome because Edwards has previously testified about the area of inquiry. Docket #159, pp.4, 8.

As stated, the defendant may designate Edwards' deposition testimony as responsive to the area of inquiry and in doing so is bound by the testimony as that of the corporation. If the plaintiff requires additional information that it did not obtain from Edwards because it was unaware that defendant would ultimately agree to be bound by his testimony, the defendant must make available a person with knowledge of the area of inquiry under Rule 30(b)(6).   The defendant is entitled to invoke the attorney-client privilege as needed.  Neither party has described sufficiently the content of the PowerPoint presentation such that the court can limit or quash this area of inquiry in the subpoena.

**17.  The *Runyan v. Transamerica Life* class action settlement in Pulaski County, Arkansas state court (notice of which the Defendant filed as Doc. No. 64-1 through 4, in No. 2:08-cv-217-WAP-SAA in this court, and to which the Plaintiffs in that action responded in Doc. 65 and 65-1 through 4in said action), the objections filed thereto on behalf of Mississippi policyholders, and the date and details regarding any consideration by Life Investors and/or its representatives, <u>prior to initiation of the April 1, 2006 change regarding "actual charges,"</u> of a class action and/or a *class action settlement* as part of a**

**means of resolving or reducing the defendant's cost of liability for alleged violation of its duties of good faith and fair dealing related to the proposed actual charges change.**

The defendant contends that this area of inquiry is foreclosed by the attorney-client privilege and the work product doctrine, is unduly burdensome because Edwards has previously testified about the area of inquiry and is not likely to lead to admissible evidence. Docket #159, pp.4, 8 and 12.

The court finds that the plaintiff may inquire into this area. The defendant is entitled to invoke the attorney-client privilege and work product doctrine to protect privileged information.

**27. Any and all investigations, complaints, inquires, proceedings, suspensions, revocations, fines and/or other actions by any governmental, industry and/or other body, agency and/or organization involving the Defendant and related to cancer policies and/or other claims handling within the last ten (10) years.**

The defendant objects to this area of inquiry because it "fails to describe with reasonable particularity the matters for examination" as required by Fed.R.Civ.P. 30(b)(6).

As worded by the plaintiffs, this area of inquiry is overly broad. Consequently, the court limits the scope of this area of inquiry to all investigations, complaints, inquiries, proceedings, suspensions, revocations, fines or other actions by any Mississippi or federal body, agency or organization involving the defendant and related to cancer policies or other claims processing based on actual charges between 2004 and 2009.

Accordingly, it is **ORDERED**

That the plaintiffs' motion to compel production [#122] is **DENIED**

The plaintiffs' motion to compel testimony [#142] is **GRANTED IN PART** and

**DENIED IN PART** as described in the body of this Order

The defendant's cross-motion to quash or limit testimony [#164] is **GRANTED IN PART** and **DENIED IN PART** as described in the body of this Order

This the 4th day of February, 2010.

                                                /s/ S. Allan Alexander
                                                UNITED STATES MAGISTRATE JUDGE