IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| LYNWOOD N. WRIGHT, RICHARD RITTER, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF PATRICIA ROSS RITTER, SARA JANE CARTER HOLLOWAY, AS EXECUTRIX OF THE ESTATE OF SARA B. CARTER, & ANTREASE M. AUTMAN, AS ADMINISTRATRIX OF THE ESTATE OF ETTA D. MAGEE | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 2:08cv3–P-A |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA formerly known as EQUITY NATIONAL LIFE INSURANCE COMPANY, and JOHN DOES ONE through TEN | DEFENDANTS |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXPERT WITNESSES, GLENN ALAN MELNICK & MARC CHAPMAN**

COME NOW the Plaintiffs, through counsel, and hereby file this Motion to Strike Defendant's Expert Witnesses, Glenn Alan Melnick and Marc Chapman, and the Plaintiffs state as follows:

1.

This case is filed on behalf of three Mississippi cancer insurance policyholders and seeks: (1) a declaratory judgment regarding the meaning, under Mississippi law, of the undefined term "actual charges" in the Defendant's contracts of insurance; (2) a judgment in the amount of the contract benefits due under the terms of the contract of insurance; and (3) a judgment for extra-contractual and punitive damages arising from the Defendant's bad faith conduct in breach of its obligations of good faith and fair dealing owed to Mississippi policyholders.

2.

The underlying issue in this case is the meaning of the undefined policy term "actual charges" under Mississippi law.  From the time cancer policies were first written by Equity National Life Insurance Company, approximately three decades ago, until April 1, 2006, Life Investors and its predecessors at all times defined the term "actual charges" and paid claims for "actual charges" based on the amounts printed on the bills of medical providers.  On April 1, 2006, the Defendant unilaterally changed its policy interpretation and claims payment practice to pay claims based on discounted amounts paid by third party payors, such as Medicare or private health insurance pursuant to third-party agreements to which Life Investors is not a party.  As a result of Defendant's change, the Supplemental Benefits being paid to the Plaintiffs and other cancer-stricken policyholders were substantially reduced.  The Plaintiffs filed this suit seeking, in part, a determination under Mississippi law of the meaning of the undefined term "actual charges" in the Defendant's policy of insurance.

3.

The Defendant designated two expert witnesses, Dr. Glenn Alan Melnick and Marc Chapman, both of whom submitted reports on the meaning of the policy term "actual charges."

4.

In his report, Dr. Glenn Alan Melnick opines that "the actual charge is the actual expense, or the amount paid or expected as payment to satisfy the financial obligation incurred for the service rendered to the claimant."  Dr. Melnick also opines that medical bills do not show the "actual charges," and "one must look elsewhere to document proof of loss for the actual charges."  He continues that bills are not really bills, specifically stating that "medical bills in today's medical parlence may not be 'bills' at all."  Exhibit A, Expert Report of Glenn Alan

Melnick, Ph.D., 3, 6.

5.

Similarly, Defendant's other "expert" Marc Chapman opines that each bill sent to the Plaintiffs by their medical providers "is not a 'bill' but is simply an information statement that itemizes the procedures, supplies, and treatments provided." Exhibit B, Expert Report of Marc Chapman, 7.

6.

Expert testimony is appropriate only where it assists the trier of fact in resolving a fact question, not where it focuses on a pure question of law.

7.

The interpretation of the term "actual charges" under Mississippi law is to be made by the Court as a matter of law, and expert opinion advising the Court on alleged meanings for said term is improper and unnecessary. Under Mississippi law, the construction of an insurance policy is for the Court as a matter of law, and the Court construes any ambiguity against the insurance company and in favor of policyholders. Extrinsic evidence is not considered by the Court in making this legal interpretation. Therefore, said "expert" testimony on this question of law should be excluded.

8.

The "expert" opinions of Dr. Melnick and Mr. Chapman should also be excluded because they are unreliable and not based on facts in evidence. The opinions of defense experts are specifically refuted and contradicted by the deposition testimony of the Plaintiffs' medical providers in this case, as fully set out in the Memorandum in Support of this Motion to Strike. Because said opinions are not based on the evidence, they are unreliable and inadmissible.

9.

The opinions of Dr. Melnick and Mr. Chapman should also be excluded under Rule 403 of the Federal Rules of Evidence because they would only result in prejudice to the Plaintiffs, confusion of the issues and misleading the jury.

10.

In support of this Motion to Strike, the Plaintiffs respectfully submit and incorporate herein (1) their Memorandum in Support of Motion to Strike Defendant's Expert Witnesses, Glenn Alan Melnick and Marc Chapman, filed contemporaneously herewith, and (2) the citations of authority therein. The Plaintiffs also submit the following Exhibits:

| | | |
|---|---|---|
| Exhibit A: | Expert Report of Glenn Alan Melnick, Ph.D; |
| Exhibit B: | Expert Report of Marc Chapman; |
| Exhibit C: | November 11, 1997, Life Investors Internal Memorandum Entitled "ACTUAL CHARGES VERSUS DISCOUNTED CHARGES"; |
| Exhibit D: | Sample EOB Form; |
| Exhibit E: | Deposition of Tri-Lakes Medical Center; and |
| Exhibit F: | Deposition of MD Anderson Cancer Center. |

WHEREFORE, for the reasons stated in the Plaintiffs' Memorandum in Support of Motion to Strike Defendant's Expert Witnesses, the Plaintiffs respectfully move the Court for an order striking the Defendant's expert witnesses, Dr. Glenn Alan Melnick and Marc Chapman.

The Plaintiffs respectfully request such further and more general relief as the Court deems proper.

This the 3rd day of March, 2010

        RICHARD RITTER, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF PATRICIA ROSS RITTER, SARA JANE CARTER HOLLOWAY, AS EXECUTRIX OF THE ESTATE OF SARA B. CARTER, & ANTREASE M. AUTMAN, AS ADMINISTRATRIX OF THE ESTATE OF ETTA D. MAGEE


        By:   s/Richard T. Phillips
        Richard T. Phillips, Esq. MSB#4170
        ATTORNEY FOR THE PLAINTIFFS

Richard T. Phillips, Esq. MSB#4170
Jason L. Nabors, Esq. MSB#101630
SMITH, PHILLIPS, MITCHELL SCOTT & NOWAK, LLP
P. O. Drawer 1586
Batesville, MS 38606
Tel: (662) 563-4613
Fax: (662) 563-1546
ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

       I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

Markham R. Leventhal, Esq.
Jorden Burt, LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

Julianna Thomas McCabe, Esq.
Jorden Burt, LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

Irma Reboso Solares, Esq.
Jorden Burt, LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

Jason Patrick Kairalla, Esq.
Jorden Burt, LLP
777 Brickell Avenue, Suite 500
Miami, FL 33131

W. Scott Welch, III, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz
4268 I-55 North
Meadowbrook Office Park
Jackson, MS 39211

ATTORNEYS FOR LIFE INVESTORS INSURANCE COMPANY

This the 3rd day of March, 2010.

                                                       s/Richard T. Phillips
                                                       RICHARD T. PHILLIPS