IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| LYNWOOD N. WRIGHT, et al. | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 2:08cv3–P-A |
| LIFE INVESTORS INSURANCE COMPANY OF AMERICA, et al. | DEFENDANTS |

**PLAINTIFFS' MOTION TO SEAL PREVIOUSLY FILED EXHIBITS**

COME NOW the Plaintiffs, by and through their attorneys of record, and file this Motion to Seal Previously Filed Exhibits, and the Plaintiffs state as follows:

1.

On March 3, 2010, the Plaintiffs filed their Motion [#191] to Strike Defendant's Expert Witnesses, Glenn Alan Melnick & Marc Chapman, as well as the Plaintiffs' Supplemental Materials [#193] in Support of Motion for Partial Judgment on the Pleadings or in the Alternative for Partial Summary Judgment. On March 22, 2010, the Plaintiffs filed their Materials in Support [#203] of Memorandum in Opposition to Life Investors Insurance Company of America's Motion for Partial Summary Judgment.

2.

Today, March 24, 2010, the Defendant for the first time notified Plaintiffs that it believes certain exhibits e-filed in said filings should have been submitted under seal and/or not submitted at all. The Defendant argues that said exhibits were subject to confidentiality orders in this and other cases against Life Investors nationwide.

3.

The documents at issue were first produced and marked "confidential" in either this case, *Gooch v. Life Investors*, No. 1:07-cv-00016 (M.D. Tenn.), or *Smith v. Life Investors*, No. 2:07-cv-00681 (W.D. Pa.). All of the subject documents that were originally produced in *Smith* and *Gooch* have been entered in this case as Deposition Exhibits at either the 30(b)(6) Deposition of Life Investors, Connie Whitlock-Deponent, taken on February 5, 2010, or at the Deposition of Mark Edwards, taken on December 15, 2009.

4.

The Stipulated Protective Order [#108] in this case requires a party to notify the other parties in writing within fifteen (15) days of a deposition if any exhibit thereto and/or deposition testimony is claimed to be confidential under the Protective Order, which states:

> In the case of depositions, designation of the portion of the transcript (**including exhibits**) which contains Confidential Material must be made within fifteen (15) business days after receipt of the transcript by stamping "CONFIDENTIAL" on the pages that contain Confidential Material and notifying all Parties in writing of the page and line numbers which have been designated as Confidential Material.

Stipulated Protective Order [#108], at p. 3 (emphasis added). Defendant failed to notify the Plaintiffs in writing within fifteen (15) days that it claimed certain deposition exhibits to be privileged and/or confidential in this case.

5.

In the spirit of compromise and out of an abundance of caution, however, the Plaintiffs hereby move this Court to seal the subject exhibits. Therefore, the Plaintiffs respectfully request that the following Exhibits be sealed.

6.

First, Plaintiffs move the Court to seal Exhibit C [#191- 4] to the Plaintiffs' Motion

[#191] to Strike Defendant's Expert Witnesses, Glenn Alan Melnick & Marc Chapman. This document is a November 11, 1997 Life Investors Memorandum setting out the company's 1997 position on "ACTUAL CHARGES VERSUS DISCOUNTED CHARGES." It was produced originally in *Gooch*.

7.

Plaintiffs next move to seal the following documents filed as Exhibits to Plaintiffs' Supplemental Materials [#193] in Support of Motion for Partial Judgment on the Pleadings or in the Alternative for Partial Summary Judgment:

A. Exhibit C [#193-4], which is the previously discussed 1997 Life Investors Memorandum first produced in *Gooch*; and

B. Deposition Exhibits 3 through 6, and 10 through 24 [#193-11, 193-14, 193-15, 193-16] to the Connie Whitlock Deposition, filed as Exhibit D to the Supplemental Materials [#193], which contain numerous documents the Defendant claims to be subject to various protective orders.

8.

Finally, Plaintiffs move to seal the following documents filed as Exhibits to Plaintiffs' Materials in Support [#203] of Memorandum in Opposition to Life Investors Insurance Company of America's Motion for Partial Summary Judgment:

A. Exhibit C [#203-4], which is the previously discussed 1997 Life Investors Memorandum first produced in *Gooch*;

B. Exhibit J [#203-14], which is a May 4, 2005, fax between Life Investors' employees, Kelly Adams and Connie Whitlock, originally produced in *Smith*;

C. Exhibit N [#203-18], which is a Life Investors Hypothetical Phone Call script

    produced originally in *Gooch*;

 D. Exhibit O [#203-19], which a "Questions and Answers" script originally produced in *Gooch*;

 E. Exhibit Q [#203-22], which are handwritten notes first produced in *Gooch*;

 F. Exhibits 7 through 13 [#203-28] to the Deposition of Mark Edwards, filed as Exhibit T to Plaintiffs' Materials in Support [#203], containing documents claimed by Defendant to be subject to protective order;

 G. Exhibit U [#203-30, 203-31], which are responses by Life Investors to Mississippi policyholder complaints post-*Conner*; and

 H. Exhibit Y [#203-35], which are complaints filed by Mississippi policyholders post-*Conner*.

WHEREFORE, the Plaintiffs respectfully request an Order sealing the above-referenced documents.

 This the 24th day of March, 2010

        RICHARD RITTER, INDIVIDUALLY, AND AS EXECUTOR OF THE ESTATE OF PATRICIA ROSS RITTER, SARA JANE CARTER HOLLOWAY, AS EXECUTRIX OF THE ESTATE OF SARA B. CARTER, & ANTREASE M. AUTMAN, AS ADMINISTRATRIX OF THE ESTATE OF ETTA D. MAGEE

        By: s/Jason Nabors
        Jason L. Nabors, Esq. MSB#101630
        ATTORNEY FOR THE PLAINTIFFS

Richard T. Phillips, Esq. MSB#4170
Jason L. Nabors, Esq. MSB#101630
SMITH, PHILLIPS, MITCHELL SCOTT & NOWAK, LLP

P. O. Drawer 1586
Batesville, MS  38606
Tel:  (662) 563-4613
Fax:  (662) 563-1546
ATTORNEYS FOR THE PLAINTIFFS


## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants.  The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

| | |
|---|---|
| Markham R. Leventhal, Esq.<br>Jorden Burt, LLP<br>777 Brickell Avenue, Suite 500<br>Miami, FL  33131 | W. Scott Welch, III, Esq.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz<br>4268 I-55 North<br>Meadowbrook Office Park<br>Jackson, MS  39211 |
| Julianna Thomas McCabe, Esq.<br>Jorden Burt, LLP<br>777 Brickell Avenue, Suite 500<br>Miami, FL  33131 | |
| Irma Reboso Solares, Esq.<br>Jorden Burt, LLP<br>777 Brickell Avenue, Suite 500<br>Miami, FL  33131 | |
| Jason Patrick Kairalla, Esq.<br>Jorden Burt, LLP<br>777 Brickell Avenue, Suite 500<br>Miami, FL  33131 | |

ATTORNEYS FOR LIFE INVESTORS INSURANCE COMPANY

This the 24th day of March, 2010

                                                                              s/Jason Nabors
                                                                        JASON NABORS